IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRETT JONES,**

     **Plaintiff,**

v.                                                                            Civ. No. 10-810 JP/LFG

**STATE OF NEW MEXICO, DOES 1-150;**
**et.al,**

     **Defendants**.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

Pro se Plaintiff Brett Jones filed an *Application to Proceed in District Court without Prepaying Fees or Costs* ("motion to proceed IFP") on August 30, 2010. (Doc. 2). The Court has an obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that the action is frivolous, "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," the Court must dismiss "the case." *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal under § 1915(e) is now mandatory).

This is the third time this Court has reviewed Mr. Jones' allegations against the same Defendants. The first time, the Court granted Mr. Jones' motion to remand a very similar state-

court complaint against Rosalind Trip and Does 1-50 that requested injunctive relief and damages of $10,000 because Mr. Jones' "factual allegations describe violations only of state law." *Jones v. Tripp*, No. 10cv294 JP/RLP, Doc. 24 at 2 (D.N.M. May 5, 2010). This is the second time that Mr. Jones has attempted to file an almost identical Complaint in this Court without prepaying filing fees. On July 26, 2010, The Honorable Bruce D. Black denied Mr. Jones' motion to proceed IFP in part because Mr. Jones had failed to show that he could not pay for both the necessities of life and for filing fees. *See Jones v. State*, No. 10cv657 BB/DJS Doc. 5 at 2 (D.N.M. July 26, 2010).

The Court notes that, in his newest application to proceed IFP, Mr. Jones now contends that he pays more for monthly expenses than what he receives as income, but he has again failed to "describe and provide the amount of monthly expense" for each type of expense as required by the IFP form. *See* Doc. 1 at 2. Mr. Jones also has again failed to list his assets, like a car or motor home, *see id.*, but he states that he pays for gas and transportation, *see id.*, and his Complaint refers to $60,000 in alleged damage to his RV, *see* Complaint at 4. Mr. Jones has once again failed to submit sufficient documentation of his monthly expenses for the necessities of life and his assets for this Court to conclude that he is unable to pay for filing fees, so the Court will deny the application to proceed IFP.

In his July 26, 2010 Order, Judge Black also dismissed an almost identical complaint because it failed to allege facts sufficient "to state a cognizable federal claim." *Jones v. State*, No. 10cv657 BB/DJS Doc. 5 at 2 (D.N.M. July 26, 2010). In that Complaint, Mr. Jones sought to sue the State of New Mexico and the State Livestock Board; Rosalind Tripp, who is a Socorro County Commissioner; and Socorro County and its Road Department for a conspiracy regarding

> alleged violations of New Mexico laws or ordinances involving livestock and nuisances; negligence in failing to maintain roads and to provide street lights, street signs, water, and electricity to two areas called the Rio Grande and Tierra Grande

estates (although nowhere in his Complaint does Jones allege that he owns land in those developments, and he swore in his financial affidavit that he owns no property); or breaches of undescribed contracts.

*Id.* at 5.  Judge Black carefully explained to Mr. Jones why each of his federally-based claims failed to state a cognizable claim and Judge Black entered a final judgment dismissing Mr. Jones' case. *See id.* and Doc. 6.  Jones moved for reconsideration.  *See* Doc. 7.  In addressing Mr. Jones' motion for reconsideration, Judge Black again pointed out that

> Jones' "factual allegations describe violations only of state law;" he "failed to set forth a 'statement of the grounds for the court's jurisdiction;'" he may have been improperly attempting to bring a private cause of action under federal criminal statutes; his "sparse allegations will not state a § 1983 claim for violation of the fundamental right to access to courts;" his allegations "will not state a claim under § 1983 for discrimination or violation of the right to equal protection;" he "cannot sue the State or its agencies in federal court," thus this Court does "not have subject-matter jurisdiction over any of Jones' claims against the State or the State Livestock Board;" and he "has not stated sufficient allegations to state a cognizable federal claim against Socorro County, its Road Department, Commissioner Tripp, or any Does."  Doc. 5 at 3-7.

*Jones v. State*, No 10cv657 BB/DJS, Doc. 9 at 2 (D.N.M. Sept. 3, 2010).

Not to be deterred, Mr. Jones submitted another application to proceed IFP and refiled essentially the same Complaint (Doc. 1), this time naming only the State of New Mexico and 150 Does in the style of the case, but still listing as "known Defendants" the State, the State Livestock Board, the County, and its Road Department.  Doc. 1 at 1-2.  Mr. Jones again alleges violation of federal criminal statutes.  *Id.* at 1.  Mr. Jones continues to complain that no action has been taken in his state and/or county court cases but adds his new suspicions that Judge Black conspired with the state judges.  S*ee id.* at 2-3.  Otherwise, Mr. Jones repeats the allegations of his prior Complaint, including allegations involving former Defendant Tripp.  *See id.* at 3-12.

The Court need not waste scarce judicial resources repeating Judge Black's thorough analysis; and the Court adopts Judge Black's reasoning.  For the reasons stated by Judge Black in

his July 26, 2010 Order in case No. CIV 10-657 BB/DJS, the Court concludes that Mr. Jones' Complaint (Doc. 1) fails to allege sufficient facts to state a cognizable federal cause of action and his case must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**IT IS ORDERED** that Mr. Jones' motion to proceed IFP (Doc. 2) is DENIED and that the Complaint (Doc. 1) is DISMISSED without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE